UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER MURNANE,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Civ. No. 15-7704 (KM)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

    I write primarily for the parties and thus do not explain the entire factual and procedural history. The plaintiff, Christopher Murnane, was denied SSI benefits and appealed that decision to this court. On February 10, 2017, I issued an opinion and an order affirming the denial of benefits by the Administrative Law Judge ("ALJ"). (ECF nos. 20, 21.)

    On February 20, 2017, Mr. Murnane made a motion for reconsideration. (ECF no. 22.) Mr. Murnane's counsel explained that she had obtained approval from the U.S. Attorney for an extension to file a reply brief in the briefing for the initial appeal but that this request for extension accidentally did not get filed. (*Id.* at 1.) As a result, the Court's order and opinion was issued before the reply brief could be considered by the court.

    Mr. Murnane's motion for reconsideration essentially lays out the arguments he would have made in that brief. Because those arguments would not have altered the result, the motion is denied.

1

## I. LEGAL STANDARD

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, No. 3-cv-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, No. 7-cv-5938, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

## II. DISCUSSION

In general, Mr. Murnane argues that (a) the Commissioner did not obtain any relevant, updated documents before Mr. Murnane's hearing or before review by the Appeals Council; and (b) the Commissioner failed to evaluate Mr. Murnane in accordance with SSR 11-2p.

### A. Failure to Obtain Relevant Documents

Mr. Murnane argues that certain documents were necessary to evaluate his SSI claim but that the Commissioner failed to update these documents after March 2013. These documents include an updated work history, earnings records, and other work-related documents. Mr. Murnane further argues that

2

the Commissioner relied too much on his own self-reported work history, rather than on these documents. This, he says, led to the Commissioner's being unable to fully or fairly evaluate whether he engaged in "substantial gainful activity." He particularly takes issue with the Commissioner's negative assessment of his credibility regarding his own work history.

Nowhere does Mr. Murnane cite authority that the Commissioner was obligated to update these documents after their initial submission. In fact, he concedes that he had the burden to obtain at least one of those documents (the State DVR, Arc Project HIRE records). (ECF no. 22, at 4 n.3.) He also cites no authority for the proposition that the Commissioner was not entitled to rely on Mr. Murnane's self-reported work history. Further, as I explored in the previous opinion, the ALJ's decision regarding Mr. Murnane's "residual functional capacity" was supported by other evidence, including a state agency psychologist and the consultative examiner. (ECF no. 20, at 8.)

I therefore reject this first ground for reconsideration.

### B. Failure to Adhere to SSR 11-2p

Mr. Murnane argues that the ALJ failed to evaluate his disability in accordance with SSR 11-2p, *Titles II and XVI: Documenting and Evaluating Disability in Young Adults*, 2011 WL 4055665. SSR 11-2p requires that special considerations apply to the evaluation of the conditions of individuals between 18 and 25 years of age. In the previous opinion, I found that "the ALJ gave due consideration to all of the evidence, made findings, and gave reasons for them" and that the ALJ supported the determination of Mr. Murnane's intellectual disability "with specific findings based on the evidence in the record as a whole." (ECF no. 20, at 8–9.) Taking another look at the record, the ALJ considered factors particular to young adults and appropriately evaluated them, together with other factors. (*See, e.g.*, R. 24–26 (evaluating plaintiff's age, educational history, school records, and work history).) Mr. Murnane, in trying to show that the ALJ failed to adhere to this standard, cites evidence, such as the testimony of Mr. Murnane's mother, that was in the record and was

3

considered by the ALJ in the decision. I do not find the ALJ failed to adhere to SSR 11-2p.

### III. CONCLUSION

For the foregoing reasons, Mr. Murnane's motion for reconsideration is denied. An appropriate order accompanies this opinion.

Dated: August 21, 2018

*[signature]*
**KEVIN MCNULTY**
**United States District Judge**